**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| RIVER POOLS & SPAS, INCORPORATED,<br><br>        Plaintiff<br><br>        v.<br><br>LATHAM INTERNATIONAL, INC., LATHAM MANUFACTURING CORP., KAFKO (US) CORP., COVERSTAR, LLC and VIKING POOLS, LLC,<br><br>        Defendants.<br><br>VIKING POOLS, LLC,<br>        Counterclaim Plaintiff<br><br>        v.<br><br>RIVER POOLS & SPAS, INCORPORATED, and MARCUS SHERIDAN,<br><br>        Counterclaim Defendants | Civil Action No. 3:10CV251 |

**CONFERENCE REPORT AND
DISCOVERY PLAN UNDER RULE 26(f), FED. R. CIV. P.**

    1.    **Date of Rule 26(f) Attorney Conference:**  August 9, 2010

    2.    **Participants:**  Richard Lehv and Robert F. Redmond for Defendants and Counter-Claim Plaintiff; Ian Titley and David Sensenig for Plaintiff, Counter-Claim Defendants.

    3.    **Possibilities for Settlement:**  The Parties have discussed settlement but have not progressed toward an agreement.

    4.    **26(a) Mandatory Disclosures:**  The parties will serve initial disclosures pursuant to the Court's July 28, 2010 order.

5.  **Subjects for Discovery:**

(a)  Defendants/ Counter-Claim Plaintiff's will seek discovery on 1) the substance, source and content of defamatory statements in public media concerning the Defendants, their business practices and the quality of their products; 2) any possible defamation/ Lanham Act defenses the Counter-Claim Defendants have raised or may raise; 3) the strength of Plaintiff/ Counter-Claim Defendants' trademark claims; 4) the efforts that Plaintiff/ Counter-Claim Defendants have made to distinguish and/ or protect the mark; 5) all matters raised in the Amended Complaint or Counterclaim.

(b)  Plaintiff and Counterclaim Defendants will seek discovery on 1) Defendants' use of the River Pools and River Pools & Spas mark including but not limited to any actual confusion resulting from such use, along with the damages resulting from such use; 2) Defendants' acquisition of the domain names identified in paragraphs 24-28 of the Amended Complaint, and any similar domain names acquired by the Defendants; 3) Defendants' use of the domain names identified in paragraphs 24-28 of the Amended Complaint, and any similar domain names acquired by the Defendants, including but not limited to any actual confusion resulting from the use, along with the damages resulting from such use; 4) facts surrounding the alleged termination of River Pools; 5) facts concerning the truth of the alleged defamatory statements, and concerning the source of the statements; all matters raised in the Amended Complaint or Counterclaims.

6.  **Discovery Completion:** Per the Court's July 28, 2010 Order.

7.  **Phases for Discovery:** N/A.

8.  **Production of ESI:** The Latham Entities will produce electronically stored information in single image .tif files with a Summation load file (DAT file and OPT file).

River Pools will produce electronically stored information in electronic format in the manner prescribed in Fed. R. Civ. P. 34(b)(2)(E).

9. **Issues Related to Privilege:**

The parties agree to enter into a reasonable protective order, which shall include a provision that Rule 26(b)(5)(B) shall govern the inadvertent production of information that is subject to a claim of privilege of protection as trial-preparation material.

10. **Discovery Limitations:**

The parties agree not to seek non-final drafts of expert reports and will not seek personal financial information of experts.

The parties suggest a maximum of 30 interrogatories per party.

The parties waive any limitations on the number of depositions and waive the provisions of Local Rule 30. D.

The parties shall make reasonable efforts to coordinate the scheduling of depositions with opposing counsel but will be governed by the Local Rules with regard to scheduling. The parties shall fax copies of subpoenas to all counsel upon service of subpoenas. Neither party nor its counsel, employees or agents shall have *ex parte* contact with retained experts or current employees of the opposing party. Neither party shall personally serve retained experts of the opposing party with subpoenas without advance notice to counsel or if the expert will accept service of the subpoenas via mail or fax, or through counsel.

11. **Additional Discovery Issues**

If a deposition notice calls for the production of documents or things, the parties agree to produce the documents or things identified in the deposition notice five business days before the

deposition. To the extent the documents or things identified have been previously produced, the responding party may reference the documents by bates number.

The parties have agreed to this Report and Plan as of August 20, 2010.

                              Respectfully submitted,

                              VIKING POOLS, LLC,
                              LATHAM INTERNATIONAL, INC., LATHAM
                              MANUNFACTURING CORP., KAFKO (US)
                              CORP., and COVERSTAR, LLC

                              By:       /s/
                                         Of Counsel

                              Robert F. Redmond, Jr., Esq. (VSB # 32292)
                              rredmond@williamsmullen.com
                              Brendan D. O'Toole, Esq. (VSB #71329)
                              botoole@williamsmullen.com
                              Williams Mullen
                              P.O. Box 1320
                              200 South 10th Street, 16th Floor
                              Richmond, VA 23219
                              Telephone: (804) 420-6000
                              Facsimile:  (804) 420-6507
                              *Co-counsel for Defendants-Counterclaimants*

Counsel admission *pro hac vice* forthcoming:

                              Richard Lehv, Esq.
                              rlehv@fzlz.com
                              Fross Zelnick Lehrman & Zissu, P.C.
                              866 United Nations Plaza
                              New York, NY 10017
                              Telephone: (212) 813-5900
                              Facsimile:  (212) 813-5901
                              *Counsel for Defendants-Counterclaimants*

                                         -AND-

                              RIVER POOLS & SPAS, INC. and
                              MARCUS SHERIDAN

                              By:

>Ian D. Titley, Esq.
>Gavin Law Offices, PLC
>2500 Gaskins Rd., Suite B
>Richmond, VA 23238
>T: (804) 364-0405
>F: (804) 411-6914
>idt@gavinlawoffices.com
>*Counsel for Plaintiff/Counter-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notice of electronic filing (NEF) to the following:

>Ian D. Titley, Esq.
>Gavin Law Offices, PLC
>2500 Gaskins Rd., Suite B
>Richmond, VA 23238
>T: (804) 364-0405
>F: (804) 411-6914
>idt@gavinlawoffices.com

>/s/
>_____
>Robert F. Redmond, Jr., Esq. (VSB # 32292)
>rredmond@williamsmullen.com
>Brendan D. O'Toole, Esq. (VSB #71329)
>botoole@williamsmullen.com
>Williams Mullen
>P.O. Box 1320
>200 South 10th Street, 16th Floor
>Richmond, VA 23219
>Telephone: (804) 420-6000
>Facsimile:   (804) 420-6507
>*Co-counsel for Defendants-Counterclaimants*

8010056_1.DOC